UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTEL PETTIFORD,

    Petitioner,

v.

CAROL HOWES,

    Respondent.
_____/

Case No. 11-12025

Honorable Patrick J. Duggan

## OPINION AND ORDER HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

On May 9, 2011, Montel Pettiford ("Petitioner"), a state prisoner incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree premeditated murder. Respondent has filed a motion for summary judgment, arguing that Petitioner's claims have not been exhausted in the state courts. For reasons stated below, the Court will hold the petition in abeyance and stay the proceedings, allowing Petitioner to return to the state courts to exhaust his claims. The Court will also administratively close the case.

### I. Background

Petitioner was convicted after a jury trial in Genesee County Circuit Court in 2008. He was sentenced to life in prison. Following his conviction and sentencing, Petitioner

filed an application for leave to appeal in the Michigan Court of Appeals. He raised this claim through counsel:

> I. The trial court reversibly erred by misinforming the jury, during final instructions, as to the extent of the immunity agreement with Cathy Pettiford (Petitioner's ex-wife), which error detrimentally impacted on the jury's deliberations as to the credibility of Ms. Pettiford's testimony, or, in the alternative, Mr. Pettiford was denied his Sixth Amendment right to effective assistance of counsel due to his trial attorney's failure to object to the erroneous instruction.

Petitioner also filed a *pro per* supplemental brief, raising an additional claim concerning a jury instruction related to Andre Pettiford's testimony. The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Pettiford*, No. 288551 (Mich. Ct. App. May 6, 2010).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the immunity-related claim advanced by his counsel in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal in an order dated September 27, 2010. *People v. Pettiford*, 488 Mich. 872, 788 N.W.2d 446 (Mich. 2010).

Petitioner then filed the pending petition for writ of habeas corpus. He raises the following claims:

> I. Petitioner's trial counsel was ineffective for agreeing to Petitioner's removal from the courtroom while co-defendant's tape-recorded police interview was played for the jury. This violated Petitioner's right of confrontation.
>
> II. Petitioner's trial counsel was ineffective in failing to object to the prosecutor granting immunity to Cathy Pettiford without first assessing her competence.
>
> III. Petitioner's trial counsel was ineffective for failing to object to erroneous jury instructions, which did not include accessory after the fact.

Respondent has filed a motion for summary judgment, arguing that Petitioner has

failed to exhaust his claims in the state courts.

## II. Analysis

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all of their claims to the state court before raising their claims in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999). For state prisoners in Michigan, this means that they must present each claim to the Michigan Court of Appeals and to the Michigan Supreme Court before filing a federal habeas corpus petition. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). "Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Id.* at 414-415. The burden is on the prisoner to prove exhaustion of state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has not raised all of his claims in the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner therefore has available remedies in the state courts which must be exhausted before he proceeds in federal court. He may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 in the trial court and pursue unexhausted issues in the state appellate courts as necessary.

A federal district court generally should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510, 522, 102 S. Ct. 1198, 1199 (1982). The exhaustion requirement, however, is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481

U.S. 129, 134-35, 107 S. Ct. 1671, 1673-75 (1987). For example, an unexhausted claim may be considered if it is so plainly meritless that addressing it would be efficient and would not offend federal-state comity. 28 U.S.C. § 2254(b)(2); *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). Federal district courts also possess the authority to issue stays while a habeas petitioner pursues state remedies for previously unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275-76, 125 S. Ct. 1528, 1534 (2005). Stay and abeyance are permissible where there was good cause for the failure to exhaust, the unexhausted claims are not plainly meritless, and the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id*. at 277-78, 125 S. Ct. at 1535.

The Court concludes that stay and abeyance is the proper course of action in this case. The filing of a federal habeas corpus petition does not suspend the running of the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181, 121 S. Ct. 2120, 2129 (2001). Although nearly eight months of the limitation period remained at the time Petitioner filed this action, it has since expired.[1] The Court believes that Petitioner should not face the risk of a subsequent petition being rejected as untimely where he timely filed his original petition. Petitioner's claims do not appear to be plainly meritless, and he has not engaged in intentionally dilatory tactics. Accordingly, a stay of the proceedings, rather than dismissal, is appropriate. *See Rhines*, 544 U.S. at 277-78, 125 S. Ct. at 1535.

When a district court determines that a stay is appropriate pending exhaustion of

---

[1] The one-year limitations period begins to run 90 days after the conclusion of direct appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000); S. Ct. R. 13. In this case, the limitations period began to run on or about December 26, 2010.

state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278, 125 S. Ct. at 1535. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed. Petitioner must present his claims in state court within sixty days from the date of this order. He must also ask this Court to lift the stay within sixty days of exhausting his state-court remedies. If the conditions of the stay are not met, the stay may be vacated *nunc pro tunc* as of the date it was entered, and the petition may be dismissed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

Accordingly,

**IT IS ORDERED** that Respondent's motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus is **STAYED**. The Court's stay is conditioned on Petitioner filing his appeal of unexhausted claims within **sixty (60) days** of the date of this order. If Petitioner is unsuccessful in state court and wishes to re-open this case, he must file an amended habeas petition and a motion to lift the stay, using the same case number and caption that appears on this order. The motion to lift the stay must be filed within **sixty (60) days** of exhausting state remedies.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of the Court to **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter.

s/PATRICK J. DUGGAN

5

UNITED STATES DISTRICT JUDGE

Copies to:

Montel Pettiford, #701591
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788

Anica Letica, A.A.G.